## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STUART J. SKINNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 06-416-JJF |
| | ) | |
| MAJOR HOLMAN and | ) | JURY TRIAL REQUESTED |
| DEPUTY WARDEN PIERCE, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO THE COMPLAINT

COME NOW Defendants Major David Holman and Deputy Warden David Pierce ("Defendants"), by and through the undersigned counsel, and hereby answer the Complaint:

1.      Admitted that on February 22, 2004, Plaintiff was transferred from Building W-1 at Delaware Correctional Center ("DCC") to Building 18 pending an internal investigation.

2.      Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph.

3.      Admitted that on June 4, 2004, Plaintiff was transferred to Building 22. The remaining allegations set forth in this paragraph are denied.

4.      Admitted that on August 3, 2004, Plaintiff was transferred to C Building. Admitted that as of the date of the filing of this Answer, Defendant Pierce is a Warden at DCC. The remaining allegations set forth in this paragraph are denied.

5.      Admitted that on December 29, 2004, Plaintiff was transferred to D-West Building. Admitted that Defendant Pierce at some point suggested to Plaintiff that he

look into a possible job in the kitchen. The remaining allegations set forth in this paragraph are denied.

6.      As to the first sentence, Defendants are without sufficient information to admit or deny the allegations set forth in this sentence.

As to the second and third sentences, admitted that on November 14, 2005, Plaintiff was transferred to S-1 Building, and on December 9, 2005, he was transferred to D-West Building.

As to the fourth sentence, denied the Defendant Holman had Plaintiff's classification held up at the IBCC or any other level. Defendants are without sufficient information to admit or deny the remaining allegations set forth in this sentence.

As to the fifth sentence, denied that Defendant Holman was "messing with" Plaintiff. Defendants are without sufficient information to admit or deny the remaining allegations set forth in this sentence.

As to the sixth sentence, the allegations set forth in this sentence are denied.

As to the seventh sentence, Defendants do not understand what "the administration of the Department of Corrections" is referring to and therefore are without sufficient information to admit or deny the allegations set forth in this sentence.

As to the eighth sentence, no response is required.

As to the ninth sentence, denied that Defendants caused Plaintiff to "lose privileges."

7.      As to the first sentence, Defendants are without sufficient information to admit or deny the allegations set forth in this sentence. The remaining allegations set forth in this paragraph are denied.

8.     Denied that Defendant Holman harassed Plaintiff or "abused his authority." Defendants are without sufficient information to admit or deny the remaining allegations set forth in this paragraph.

9.     Denied.

## RELIEF

10.     It is specifically denied that Plaintiff is entitled to compensatory, punitive or any monetary damages.

11.     It is specifically denied that Plaintiff is entitled to injunctive, declaratory or any other relief.

## AFFIRMATIVE DEFENSES

12.     Plaintiff has failed to state a claim upon which relief can be granted.

13.     Plaintiff has failed to exhaust his administrative remedies.

14.     Defendants are immune from liability under the Eleventh Amendment.

15.     Defendants are entitled to qualified immunity.

16.     As to any claims under state law, Defendants are entitled to immunity under the State Tort Claims Act, 10 *Del. C.* § 4001, *et seq.*

17.     As to any claims under state law, Defendants are entitled to sovereign immunity.

18.     Insufficiency of service of process.

19.     Insufficiency of process.

20.     Lack of jurisdiction over the person and subject matter.

21.     This cause of action is barred by the applicable statute of limitations.

WHEREFORE, Defendants respectfully request that judgment be entered in their favor and against Plaintiff as to all claims and that attorney fees be awarded to them.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Eileen Kelly
Eileen Kelly, I.D. #2884
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302) 577-8400
eileen.kelly@state.de.us
Date: February 20, 2007          Attorney for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2007, I electronically filed *Answer to the Complaint* with the Clerk of Court using CM/ECF.  I hereby certify that on February 20, 2007, I have mailed by United States Postal Service, the document to the following non-registered party:  Stuart J. Skinner.

/s/ Eileen Kelly
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
eileen.kelly@state.de.us

5