IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **Stuart J. Skinner** )<br>   **Plaintiff** )<br>  )<br>v. )<br>  )<br>**Major Holman, and** )<br>**Deputy Warden Pierce** )<br>   **Defendants** ) | Civil Action No. 06-416-JJF |

FILED
OCT - 3 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
BD scanned

PLAINTIFFS RESPONSE TO DEFENDANTS
OPENING INTERROGATORIES

1. Plaintiff, at this time, objects to the Defendants filing of Opening Interrogatories. This objection is based upon the Defendants own Answer to Plaintiffs complaint.

In the "Defendants Answer to the Complaint", the Defendants "...respectfully request that judgment be entered in their favor and against Plaintiff as to all claims and that attorney fees be awarded to them." (Defendants Answer to the Complaint, pg 4, Docket Item #18)

As of this date, the Court has not ruled on this request, nor has the Court issued a Scheduling Order for this case. Although Fed. R. Civ. P. 16.3(2) exempts this proceeding from a scheduling conference, Plaintiff, in his Response to Defendants Answer to the Complaint (Docket Item #19 at page 2) did request that this Honorable Court issue a Scheduling Order.

Again, at this time, the Court has not Ruled on either the Defendants request for Judgment, or the Plaintiffs request for a Scheduling Order. By Defendants filing of interrogatories prior to the Court Ruling on its request, Plaintiff can only reach two possible conclusions:

(a)   Defendants are trying to exploit this Courts complex discovery rules and take advantage of the Plaintiffs pro se status, his lack of legal experience, and clearly put him at a disadvantage in countering the Defendants discovery tactics; or

(b)   Defendants are conceding that their Affirmative Defense and claims of immunity are without merit and are proceeding to adjudicate the matter in hopes of exploiting the Plaintiffs lack of legal expertise.

Possibly the Defendants are trying to do both. It is also possible that the Defendants motives are simply to adjudicate this matter as quickly as possible.

Assuming that the Defendants are acting in good faith, the Plaintiff tenders the following in response to the Defendants Opening Interrogatories.

### PLAINTIFFS ANSWERS TO DEFENDANTS INTERROGATORIES

1. With respect to each and every claim in your Complaint:
   (a) Identify all facts that support your contentions:

### RESPONSE

1a. On February 22, 2004 Plaintiff was administratively transferred from the "W" Building Housing Unit (Minimum Security) to the "SHU" Housing Unit (Maximum Security Segregated Housing Unit).

2

2a. Transfer was the result of a cell inspection in which a pajama top was mistakenly identified as a long sleeve, blue, button-up shirt (3 buttons).

3a. At the time of the transfer, Plaintiff was classified to a work assignment (i.e., Inside Maintenance).

4a. On March 23, 2004 then Lt. Pierce, now Deputy Warden Pierce, found the Plaintiff "Not Guilty" of possessing unauthorized clothing.

5a. DOC Procedure 4.2 Appendix J requires that an inmate found not guilty be returned to his former status within 24 hours of having been found not guilty.

6a. In June of 2004, Plaintiff was transferred from the "SHU" to the "MHU" Housing Unit (Medium High Security).

7a. In August of 2004 the Plaintiff was transferred to "C" Building, a Medium Security Housing Unit (General Population).

8a. Plaintiff tried to return to work repeatedly, but was repeatedly denied employment outside of his housing unit.

9a. In February 2007, after Defendants were served with the Complaint, Plaintiff was suddenly allowed to return to work outside of his housing unit.

10a. As of this date, Plaintiff has still not been returned to his previous status.

(b)   Identify the specific behavior or conduct that you allege that each Defendant engaged in:

## RESPONSE

1b. Defendant Pierce found Plaintiff not guilty but failed to comply with DOC Standard Operating Procedures (SOP) and return Plaintiff to his previous status. Defendant Pierce, now in one of the highest ranking positions in the Institution, still continues to refuse to return Plaintiff to his original status.

2b. Defendant Pierce, then Lieutenant Pierce, informed Plaintiff that Defendant Holman had told Defendant Pierce that Plaintiff must "phase out", ignoring DOC policy.

3b. Upon Plaintiffs return to the General Population when Plaintiff questioned Defendant Pierce as to why he had not been returned to his previous status, Defendant Pierce informed Plaintiff that the Plaintiff must show that he was willing "To Play Ball" and accept what has happened. If Plaintiff were to accept a job for which he had no skills, a job in the Kitchen, in six months or so Defendant Pierce would "re-evaluate" Plaintiffs request to be reinstated back to his previous status. Plaintiff refused and was then told by Defendant Pierce that he would never work again.

4b. After Warden Carroll was contacted by Plaintiffs father, the Warden contacted Defendant Holman to ascertain what was happening. Defendant Holman's response to this inquiring was to call Plaintiff's father and threaten Plaintiff if either the Plaintiff or his father were to continue to press the matter.

5b. Defendant Holman took it upon himself to contact several possible employers of the Plaintiff and make it clear that the Plaintiff was not to be hired and in one instance told one supervisor that Plaintiff "intended" to name the supervisor as a defendant in the instant case. This resulted in the supervisor refusing to allow the Plaintiff to return to work.

4

6b. Defendant Holman has harassed Plaintiff by repeatedly sending special "Security Squads" to Plaintiffs cell. These inspections are noticeable as outside of the routine cell inspections as they are conducted by officers outside of the Plaintiffs housing unit, and involve the removal of all of the Plaintiffs property from his cell to a "central" location for inspection. This is outside of normal day-to-day operations. Most recently, the outside officers arrived a few days after the Defendants were served with the complaint.

(c) Identify all persons with knowledge of such contentions or facts:

**RESPONSE**

Plaintiff objects to this Interrogatory at this time because the Plaintiff is a pro se litigant and is incarcerated. As such, it is very difficult for Plaintiff to communicate with witnesses and obtain affidavits from the witnesses. Most persons with knowledge of these facts are under the Defendants chain of command. To produce such a list before all affidavits are signed invites the possibility that the Defendants could adversely affect the testimony the Plaintiffs witnesses may be willing to provide. Upon acquiring the affidavits from his witnesses, the Plaintiff will provide a full answer to this particular Interrogatory.

Plaintiff will at this time submit a partial list:

1c.   Warden Robert Carroll
2c.   Deputy Warden David Pierce
3c.   Lieutenant Brian Porter
4c.   Lieutenant Larry Savage
5c.   Lieutenant Thomas Seacord
6c.   Major David Holman
7c.   Mr. John Skinner

8c. Mr. Charles Oberly

9c. Major James Scarborough

Again, a complete list will be provided to the Defendants when Plaintiff completes his acquisition of the appropriate affidavits.

(d) Identify all documents that reflect, refer to, or relate to such contentions or facts:

**RESPONSE**

Again, Plaintiff objects to this Interrogatory because Plaintiff cannot know what documents exist because the Defendants have decided to go outside of what would normally be Court procedures with the Plaintiff filing his Interrogatories and document request first.

As an incarcerated, pro se litigant, Plaintiff is prohibited access to the very documentation that proves the Defendants misconduct, short of a Court Order authorizing the possession of said documentation.

A partial list of said documentation includes the following:

1d. Disciplinary Report IR1009515

2d. Incident Report submitted by C/O Benjamin Humes

3d. Disciplinary Report IR1009533

4d. Incident Report submitted by Sgt. Larry Conley

5d. Letter from Warden Carroll to attorney Charles Oberly

6d. Plaintiffs letter to Defendant Pierce

Plaintiff will submit a more complete list after having had the opportunity to review all documents received from the Defendants.

2. Identify all documents which support your contentions or which you intend to offer into evidence at trial of this matter.

**RESPONSE**

Plaintiff reasserts and re-avows his objection and answer to Interrogatory 1(d) in response to this Interrogatory.

3. Identify all persons having knowledge of the allegations in the complaint.

**RESPONSE**

Plaintiff reasserts and re-avows his objection and answer to Interrogatory 1(c) in response to this Interrogatory.

4. Identify all persons whom you intend to call as witnesses, excluding expert witnesses.

**RESPONSE**

Plaintiff reasserts his objection as outlined in response to Interrogatory 1(c). Plaintiff will provide a list of witnesses after Plaintiff has had the opportunity to obtain affidavits from his witnesses.

5. Identify any physical evidence which relates in any way to the facts alleged in the Complaint, or which you intend to offer in evidence at trial.

**RESPONSE**

      Plaintiff is unaware of any physical evidence outside of documents, which will be offered into trial at this time. If Plaintiff becomes aware of any evidence outside of documents he will immediately notify the Defendants and their counsel.

6.     Identify each expert you expect to call to testify as a witness at trial and state for each such expert, (i) the qualifications of the expert, (ii) the subject matter on which the expert is expected to testify, (iii) the substance of the facts and opinions to which the expert is expected to testify, and (iv) the summary of the grounds for such opinion.

**RESPONSE**

      Plaintiff at this time does not anticipate calling any expert witnesses. Should this change, Plaintiff will immediately notify the Defendants and their counsel.

7.     State the following about yourself:

    7a.     Full name and any other names you have gone by or used:

**RESPONSE**

      Stuart James Skinner

    7b.     Social Security Number:

**RESPONSE**

      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

   7c.    Date of birth and any other date of birth you may have used or given:

**RESPONSE**

       September 4, 1964

   7d.    Place of birth:

**RESPONSE**

       Wilmington, Delaware

   7e.    Highest level of formal education that you successfully completed.

**RESPONSE**

       G.E.D. (General Education Diploma)

8.    Identify all of your criminal convictions in the past 15 years, including the court, jurisdiction, date of conviction, date of sentencing, and terms of sentence.

**RESPONSE**

       None

9.    Identify all employment you have had in the past 15 years including the name and address of each employer, name of supervisor, dates of employment, rate of pay, job title and responsibilities and reason for termination:

**RESPONSE**

9a. Delaware Correctional Center Motor Pool, 1991 through 2001. Lead Mechanic @ $1.10 per hour. Repaired automobiles. Supervisor: C/O David Conley. Left the Motor Pool to accept a position working in the prison commissary.

9b. Delaware Correctional Center Commissary, 2001 through 2002. Commissary Worker @ $52.00 per month. Filled commissary orders. Supervisor C/O David Lowery.

9c. Delaware Correctional Center (Inside) Maintenance Department, 2002 through 2004. Mechanic @ $.44 per hour. Repair everything that needed to be repaired. Supervisors: C/O Paul Saunders, C/O Mike Newman, C/O Tony Fueler, C/O Bill Crouch, C/O Nick Loebe. Left the Maintenance Department as a result of the incident that led to this complaint.

9d. Delaware Correctional Center "E-Crew" Worker, 2006 through 2007. Janitor @ $38.40 per month. Supervisors included all building Correctional Officers. Left as a result of being transferred from building to building.

9e. Delaware Correctional Center Motor Pool, 2007 through present. Automotive Mechanic @ .30 per hour. Repair automobiles. Supervisor James Massie, Trades Instructor III.

10. Were you ever in the Armed Forces? If so, state the dates, branch of service and rank at discharge.

**RESPONSE**

None.

11. Have you ever been a party to a lawsuit other than the present one? If so, for each lawsuit state the name of the case, the court in which it was filed and the docket number, and the outcome of the case.

**RESPONSE**

> None.

12. Identify all physicians you have seen or been treated by in the past 10 years, including the name, office, address, telephone number, dates of examination or treatment, and the medical problem involved, if any.

**RESPONSE**

> Plaintiff objects to this Interrogatory as it has no relevancy to the facts of the complaint.

13. Identify and describe all accidents, injuries and illnesses you have had in the past 15 years.

**RESPONSE**

> Plaintiff objects to this Interrogatory as it has not relevancy to the facts of the complaint.

14. Identify in detail the injury or harm you allege was sustained as a result of the allegations against the Defendants in the Complaint.

11

**RESPONSE**

      Plaintiff lost his job and the opportunity to earn good time credits, which in turn lengthened the amount of time the Plaintiff, must be incarcerated. Plaintiff lost approximately 80 to 85 days of good time he would have otherwise earned had the Defendants followed Department of Corrections policy.

15. Describe any medical treatment you received as a result of the allegations against the Defendants in the Complaint.

**RESPONSE**

      Plaintiff objects to this Interrogatory as it has no relevancy to the facts of this Complaint.

16. State:

   16a. Whether you requested any medical treatment at a Delaware Correctional facility which you believe in any way resulted from the allegations in your complaint; and

   16b. the date and method used for any request listed in subparagraph a., of this interrogatory.

**RESPONSE**

      Plaintiff objects to this Interrogatory as it has no relevancy to the facts of the Complaint.

17. State whether you filed a complaint or grievance at the correctional institution or with the Department of Correction about the subject matter of each and every

claim in your complaint. If so, when were they filed, with whom were they filed and what was the response. If not, why not?

**RESPONSE**

    17a.    Filed Grievance 2-28-05: Denied

    17b.    Letter to Deputy Warden Pierce – No Response

    17c.    Letter to Major Scarborough – No Response

18. State the total amount of monetary damages you are claiming and the computation used to arrive at the sum.

**RESPONSE**

| | |
|---|---|
| 85 Days lost good time credits @ $1,000.00 per day   = | $85,000.00 |
| Emotional Distress | $15,000.00 |
| Total: | $100,000.00 |

19. Either prior to or subsequent to the alleged incident(s) referred to in your Complaint, have you ever suffered any injuries, illnesses or diseases identical or similar to those alleged in the Complaint? If so, state:

    19a.    A description of the injuries or diseases you suffered, including the date and place of occurrence;

    19b.    The names and addresses of all hospitals, doctors, or practitioners who rendered treatment or examination because of any such injuries or diseases;

**RESPONSE**

        Plaintiff objects to this Interrogatory as it has no relevancy to the facts of the Complaint.

20. Have you, or anyone acting on your behalf, obtained from any person any statement, declaration, petition or affidavit concerning this action or its subject matter? If so, state:

    20a. The name and last known address of each such person; and

    20b. When, where, by whom and to whom each statement was made, and whether it was reduced to writing or otherwise recorded.

**RESPONSE**

        Plaintiff, at this time, objects to this Interrogatory. As stated earlier, Plaintiff is an incarcerated pro se litigant, and as such, Plaintiff has experienced difficulty gathering testimony and affidavits because his ability to move around is severely limited. To provide the Defendants with a partial list would enable the Defendants to learn who else will be providing testimony, and as these individuals are under the Defendants chain of command, Defendants could adversely affect the testimony that would otherwise have been given.

        Upon completion of gathering testimony and affidavits, Plaintiff will provide a complete answer to this Interrogatory and provide the Defendants with copies of all such testimonies.

21. Have you, or anyone acting on your behalf, given or made any statement, declaration, petition, or affidavit concerning this action or its subject matter? If so, state:

21a. The name and last known address of each such person; and

21b. When, where, by whom and to whom each statement was made, and whether it was reduced to writing or otherwise recorded.

**RESPONSE**

Plaintiff objects to this Interrogatory and reasserts the reasoning from Interrogatory 20.

/s/ Stuart Skinner
Stuart J. Skinner
SBI# 00246587, S-1 Bldg
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

Plaintiff, pro se

Dated: October 2, 2007

## CERTIFICATE OF SERVICE

I, Stuart J. Skinner, do hereby certify that I have served (2) true and correct copies of the attached "Plaintiff's Response To Defendants Opening Interrogatories" on:

| | |
|---|---|
| Eileen Kelly, I.D. #2884 | Major David Holman |
| Deputy Attorney General | Delaware Correctional Center |
| Carvel State Office Building | 1181 Paddock Road |
| 820 North French Street | Smyrna, Delaware 19977 |
| Wilmington, Delaware 19801 | |

Deputy Warden David Pierce
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

By placing same into the United States Postal Service at the Delaware Correctional Center.

Respectfully submitted,

*/s/ Stuart Skinner*
Stuart J. Skinner
SBI# 00246587, S-1 Bldg
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

Plaintiff, pro se

Dated: October 2, 2007

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STUART J. SKINNER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C. A. No. 06-416-JJF |
| MAJOR HOLMAN and DEPUTY WARDEN PIERCE, | ) ) JURY TRIAL REQUESTED ) |
| Defendants. | ) ) |

### VERIFICATION AS TO ANSWERS:

I hereby declare under penalty of perjury that the attached Plaintiff's Responses to Defendants' Interrogatories are true and correct.

_____
**Stuart J. Skinner**

8

INM: STUART SKINNER
SBI# 246587  UNIT S-1
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977



U.S. District Court
Office of the Clerk
Lockbox 18
844 King Street
U.S. Courthouse
Wilmington, Del. 19801

