In The United States District Court

For The State of Delaware

Stuart Skinner,
    Plaintiff,

                                            Civil Action No. 06-416-JJF

Doctor David Holman,
Deputy Warden David Pierce,
    Defendants

**Motion for Appointment of Counsel**

FILED
NOV 15 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

scanned

Comes Now, the plaintiff above, Stuart Skinner, pursuant to 28 U.S.C. § 1915, hereby requesting this Honorable Court to appoint counsel to represent petitioner in the above titled action for the following reasons:

This Court has previously articulated standards for evaluating a Motion For Appointment For Counsel filed by a Pro Se plaintiff. (See Green v. FCM, 430 F. Supp 2nd 87 n.3[D. Del 2006] [citing Tabron v. Grace, 6 F 3rd 147 (3rd Cir.1993) and Parhan v. Johnson, 126 F 3rd 454 (3rd Cir. 1997)]). Initially the Court must examine the merits of the plaintiff's claim to determine whether it has some arguable merit in fact and law. See Parhan, above, at 457, (citing Tabron, above, at 157); Accord Maclin v. Freake, 65 F 2d (7th cir. 1981) per curiam, cited with approval in Tabron and Parhan. Only if the Court is satisfied that the claim is factually and legally meritorious, should it then examine the following factors: (1) the plaintiffs ability to present his own case; (2) the complexity of the legal issues presented; (3) the extensiveness of the factual investigation necessary to effectively litigate the case and the plaintiff's ability to pursue such an investigation; (4) the degree to which the case may turn on credibility determination; (5)

whether the testimony of expert witnesses will be necessary; and (6) whether the plaintiff can attain and afford counsel on his behalf.

In support of this motion, the plaintiff presents the following.

Plaintiff is completely uneducated in the law, and possesses only a G.E.D., obtained while incarcerated. Even if plaintiff had any experience or education in the law, the rules of the Delaware Correctional Center limit the amount of time the plaintiff could spend in the law library to four hours per week. Four hours per week would not be enough time for a Pro Se litigant knowledgeable in the law to research and prepare the necessary motions and briefs required. Delaware Correctional Center Rules prohibit the plaintiff from seeking help from knowledgeable inmates, as possession of another inmate's legal work is grounds for immediate transfer to maximum security for both parties. As such the plaintiff does not have the ability to present an effective case.

The complexity of the legal issues involved in this case would appear relatively simple to those trained in the law, but how to prove the issues involved and deal with the complex rules of discovery which the defendants have already tried to exploit with there interrogatories and document requests have confused and befuddled the plaintiff. Causing the plaintiff to violate the housing rules and seek help from inmates knowledgeable in the law. As such plaintiff is overwhelmed by the complexity of the issues.

Plaintiff is an incarcerated Pro Se litigant. Obviously being incarcerated severely limits the plaintiff's ability to investigate and gather evidence. A good example of this is the plaintiff's inability to contact his witnesses and

obtain affidavits. Plaintiff's inability to contact his witnesses has severely hampered his ability to prosecute his case effectively.

- Though its difficult to imagine a case that does not turn on credibility, it is even harder to imagine a scenario where credibility would be a larger factor than one in which an inmate is challenging the actions of Correctional Staff. Defense will no doubt attack Plaintiffs credibility using every means available, and as Plaintiff has little knowledge of the law it is unlikely that he would be able to mount a credible defense to these attacks.
- Plaintiff must concede that he foresees no need for expert testimony.
- Plaintiff cannot afford, nor has been able to obtain counsel.
- Appointment of counsel would serve "The best interest of justice in this case".
- The plaintiff's allegations if proved, clearly would establish a constitutional violation because the defendant's did not follow Department of Correction Procedures implemented for the sole purpose of guaranteeing an inmates Constitutional Rights.

For the forgoing reasons, Plaintiff has provided the court with sufficient foundation for the court to appoint counsel in this case.

DATED: November 13, 2007

Stuart Skinner
S.B.I.# 246587
Delaware Correctional Center
1181 Paddock Rd.
Smyrna De.   19977

## Certificate of Service

I, STUART J SKINNER ,hereby certify that I have served a true And correct cop(ies) of the attached: Motion For Appointment of Counsel upon the following parties/person (s):

TO: US. district Court
Clerk of the Court
LockBox 18  844 King Street
US. Courthouse
Wilmington Del 19801

TO: Catherine Damavandi #3823
Deputy Attn General
Department of Justice
Caruel state Bld
820 N French Street 6th Floor
Wilmington Del 19801

TO: _____

TO: _____

BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this 13 day of November ,200 7

_Stuart Skin_



U.S. district Court
Clerk of the Court
Lockbox 18
844 King Street
U.S. Courthouse
Wilmington De 19801

