IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STUART J. SKINNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 06-416-JJF |
| | ) | |
| MAJOR HOLMAN and | ) | JURY TRIAL REQUESTED |
| DEPUTY WARDEN PIERCE, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR APPOINTMENT OF COUNSEL**

David Holman and David Pierce ("Defendants") by and through their undersigned counsel, hereby move this Honorable Court to deny Plaintiff's request for Appointment of Counsel. In furtherance of their motion, Defendants represent as follows:

1. Plaintiff Stuart Skinner ("Skinner") filed a Complaint on or about June 30, 2006, with leave to proceed *in forma pauperis* pursuant to 42 U.S.C.§1983, alleging First, Fifth, Eighth and Fourteenth Amendment Due Process violations against the above mentioned Defendants as well as Department of Correction personnel, Tom Carroll and Lt. Porter. (D.I.#2). Specifically, Skinner's complaint questions his classification status. *Id.* On or about October 20, 2006, the Court in a Memorandum Opinion dismissed without prejudice Defendants Carroll and Porter for failure to state a claim. (D.I. 12).

2. On or about September 4, 2007, Defendants filed discovery requests of *Interrogatories* and *Production of Documents* directed to Skinner. (D.I. 20, 21). On or about October 3, 2007, Skinner responded to Defendants' discovery requests. (D.I. 22,

23). On or about November 15, 2007, Skinner filed a Motion for Appointment of Counsel. (D.I. 25).

    3.    In support of this motion Skinner submits the following: uneducated in the law, limited law library access, complexity of the issues, his incarceration status prevents him from investigating and gathering evidence, and lastly, appointment of counsel would serve the "best interest of justice in this case." *Id.*

    4.    *Pro se* litigants proceeding *in forma pauperis* have no constitutional or statutory right to appointed counsel. (See *Smith Bey v. Petsock*, 741 F. 2d 22, 25 (3d Cir. 1984)). It is solely within the Court's discretion to appoint counsel for the plaintiff; however, such an appointment is "usually only granted upon a showing of special circumstances indicating a likelihood of substantial prejudice to him resulting... from his probable inability without such assistance to present the facts and legal issues to the court in a complex, arguably meritorious case." *Id.* at 26, *accord, Pierce v. Vaughn*, 1992 U.S. Dist. LEXIS 12, 553 (E.D.P.A. Aug. 21, 1992); *Robinson v. Barone,* 1992 U.S. Dist. LEXIS 13, 940 (E.D.P.A. Sept. 15, 1992). The factors appropriately considered in deciding whether an appointment of counsel is warranted include the arguable merit of the plaintiff's claim, plaintiff's ability to present his case, the difficulty of the particular issues, the degree to which factual investigation will be required and the plaintiff's ability to pursue such investigation, the likelihood that witnesses' credibility will be key issue, and the need for expert testimony. *Tabron v. Grace*, 6 F.3 147, 155-56 (3d Cir. 1993), *cert. denied,* 114 S. Ct. 1306 (1994).

    5.    Contrary to Skinner's assertions that the issues involved are complex, they are in fact, straightforward. Skinner alleges that on February 22, 2004, he was transferred

to the SHU (Maximum Security Housing Unit) from Minimum Low Security Housing Unit "pending an unknown investigation." (D.I. 2). Skinner questions his transfer to a higher security level which also resulted in the loss of his maintenance job. *Id.* For relief, Skinner requests nominal, punitive and compensatory damages in the amount of $100,000. Additionally, Skinner requests to return to work and good time credits.

  6. Skinner's legal abilities are apparent as reflected in the very well reasoned and typed pleadings he has filed thus far. Additionally, Skinner has displayed a firm and competent grasp of the legal precepts in this case as reflected in his responses to the Defendants' discovery requests.  For these reasons, Defendants contend that at the present time, appointment of counsel is unnecessary.

  7. Lastly, Skinner, at this point, has simply made bald, unsupported allegations against the State Defendants.  It must be presumed that Skinner is suing the State Defendants based upon their supervisory responsibilities.  As personal involvement in a constitutional deprivation is a necessary prerequisite to liability, it is unlikely that Skinner can mount a meritorious claim against the State Defendants.  Without more, Skinner's request for counsel is, at best, premature.

**WHEREFORE**, State Defendants respectfully request this Honorable Court deny Skinner's Motion for Appointment of Counsel**.**

                                               **STATE OF DELAWARE**
                                               **DEPARTMENT OF JUSTICE**

                                               /s/ Catherine Damavandi
                                               Catherine Damavandi, ID#3823
                                               Deputy Attorney General
                                               Department of Justice
                                               Carvel State Bldg., 6th Fl.,
                                               820 N. French Street
                                               Wilmington, DE  19801

Dated: November 20, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2007, I electronically filed *Defendants' Opposition to Plaintiff's Motion for Appointment of Counsel* with the Clerk of Court using CM/ECF. I hereby certify that on November 20, 2007, I have mailed by United States Postal Service, the document to the following non-registered party:

Stuart J. Skinner, Inmate
SBI#246587
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE  19977

/s/ Catherine Damavandi
Catherine Damavandi, ID#3823
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801
(302) 577-8400
catherine.damavandi@state.de.us

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| STUART J. SKINNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 06-416-JJF |
| | ) | |
| MAJOR HOLMAN and | ) | JURY TRIAL REQUESTED |
| DEPUTY WARDEN PIERCE, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**IT IS SO ORDERED,** this _____ day of _____, 200\_\_\_\_, that

Plaintiff's Motion for Appointment of Counsel is hereby **DENIED.**

_____
Judge Joseph J. Farnan, Jr.,