In The United States District Court
For The District of Delaware

Stuart J. Skinner,
        Plaintiff,
v.                                          C.A. No. 06-416-JJF
Major Holman and
Deputy Warden Pierce,
        Defendants.



FILED
DEC - 5 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Plaintiff's Reply to Defendants Opposition to Plaintiff's Motion for Appointment of Counsel

1. Plaintiff concedes that it is entirely the Court's discretion to appoint counsel for the plaintiff. In Parham v. Johnson 126 F.3d 454 (3rd Cir.) 1997, a six prong set of factors are to be considered. "If the District Court determines that the plaintiff's claim has some merit, then the District Court should consider that following factors;
   (1) the plaintiff's ability to present his or her own case;
   (2) the complexity of the legal issues;
   (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
   (4) the amount a case is likely to turn on credibility determinations.

(5) whether the case will require the testimony of expert witnesses;

(6) whether the plaintiff can attain and afford counsel on his own behalf.

Parham at 457

2. Defendants argue that the facts are straight foward and not complex. They may appear straight foward, but even the defendants' assertion of the plaintiff's claim mis-states the claim. In the Defendants' Opposition to Plaintiff's Motion for Appointment of Counsel, (D.I. 26) in paragraph 5 "Skinner questions his transfer to a higher security level...," It is not the transfer that is the question. The question is why, after an internal investigation revealed that Skinner was not guilty, did the defendants refuse to comply with the rules and standard operating procedures of the Delaware Correctional Center and the Department of Correction and return Skinner to his previous status?

Even if the court accepts the defendant's argument that the issues involved are simple and easily comprehended, "... comprehension alone does not equal ability to translate that understanding into presentation. While the ultimate issue may be comprehensible, courts must still look to the proof going towards the ultimate issue and the discovery issues involved." Parham

at 459.

The Parham court continued on, calling on Tabron v. Grace, 6 F.3d, 147 (3rd Cir) 1993. "The Tabron court noted that courts should consider a prisoners predicament in attempting to obtain facts, ie the confines of prison. 6 F.3rd at 156; see also Rayes, 969 F.2d at 704 (noting the difficulties prisoner plaintiffs with meritorious cases may have with discovery.) Furthermore, courts should be aware that it may be difficult for indigent plaintiffs to understand the complex discovery rules." Parham at 460

This case is ultimately going to come down to the plaintiff's ability to successfully negotiate the court's discovery process and force the defendants to turn over letters, rules, SOP's, and telephone records. All of which defendants will no doubt fight claiming security and confidentiality issues. Plaintiff has already expressed the difficulties he has experienced attempting to gather evidence and affidavits from his witnesses.

This case is going to be, "he said" versus "he said," in essence a swearing contest. In Parham at 460 the court stated, "In this instance, it does not appear to be a swearing contest. Thus, this factor alone does not encourage appointment of counsel." If a case that does not appear to be a swearing

contest does not encourage the appointment of counsel, then one can logically conclude that a case that does seem to be a swearing contest would encourage the appointment of counsel.

(3) Defendants assert that "Skinner's legal abilities are apparent as reflected in the very well reasoned and typed pleadings he has filed thus far." (D.I. #26, at paragraph #6.)

Plaintiff has already asserted that his filings are being prepared by other inmates. In fact, to date plaintiff has sought and received help from five seperate inmates. Including one who is a certified paralegal, and his current assistant who has some, though minimal, formal legal schooling. This assistance has been sought, and given, despite the fact it is a direct violation of the housing rules of the Delaware Correctional Center. Skinner, and anyone who assists him, risks immediate transfer to Maximum Security if the person rendering assistance is caught with Skinner's legal work.

Defendants also cite that Skinner's pleadings have been typed. This filing illustrates the problems Skinner faces. All of Skinner's previous filings have been typed because there was either no deadline, or the deadline was far enough away that Skinner could have his filings prepared, mailed out to be

typed up, and sent back to Skinner for him to file. In this case Skinner received both the defendant's filing, D.I. #26, and notice that his response was due by December 6 on the evening of November 25, a scant 11 days.

Under the rules of the Delaware Correctional Center's Law Library the earliest Skinner could have received an appointment would have been December 3, leaving just 2 days before he would have to mail his response.

Here Skinner had to rely completely on the schooling and experience of the inmate assisting him, who knew what to expect, and had already researched the issue, and was prepared to respond. Had it been Skinner himself, or someone with less experience assisting him, all he could have done is request a filing extension and hope that the issues could be researched quickly. Of course, having the time to get everything typed was out of the question.

Even if the court were to grant Amicus Curiae to another inmate to assist Skinner, it would not address the other issues involved in discovery or investigation.

(4) Defendant's claim that, "Skinner, at this point, has simply made bald, unsupported allegations..." (D.I. #26 paragraph 7) is not quite accurate. The fact that Skinner was transferred due to an internal

investigation, which later cleared Skinner has not been disputed. This brings us back to the question why, after the investigation was completed, were rules and procedures not followed and Skinner returned to his previous status.

Prehaps the Defendants feel the unsupported allegation is that the rules and procedures were not followed. If that is the case Plaintiff concedes that, at this time, that allegation has not been supported by evidence. Of course there is good cause for this, as inmates in the Delaware Correctional Center are forbidden to possess copies of the DOC Standard Operating procedures. These procedures must be obtained through the complex discovery process.

Wherefore, for the above reasons and those reasons stated in the original motion, Plaintiff respectfully requests this Honorable Court grant his Motion for Appointment of Counsel.

_____
Stuart J. Skinner
Delaware Correctional Center
1181 Paddock Road
Smyrna, De. 19977

Dated: Dec. 4, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Stuart J. Skinner, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-416-JJF |
| | ) |
| Major Holman, et al., | ) |
| Deputy Warden Pierce | ) |
| Defendant. | ) |

ORDER

IT IS HEREBY ORDERED, THIS _____ DAY OF _____,
200__, THAT THE ATTACHED MOTION FOR APPOINTMENT OF COUNSEL HAS BEEN READ AND CONSIDERED. IT IS ORDERED THAT THE MOTION IS HEREBY _____.

_____
United States District Court Judge

## Certificate of Service

I hereby certify that on December 4, 2007 that I have served two true and correct copies of the attached "Plaintiff's Reply to Defendants Opposition to Plaintiff's Motion for Appointment of Counsel" by placing same into the mail at the Delaware Correctional Center on:

Catherine Damavandi, ID# 3823
Deputy Attorney General
Department of Justice
820 N. French Street - 6TH Floor
Wilmington, De. 19801

Respectfully Submitted

Stuart J. Skinner
SBI # 246587
Delaware Correctional Center
1181 Paddock Road
Smyrna, De. 19977

