IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STUART J. SKINNER, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 06-416-JJF |
| MAJOR HOLMAN and DEPUTY WARDEN PIERCE, | : |
| Defendants. | : |

## MEMORANDUM ORDER

Pending before the Court is Plaintiff's Motion for Appointment of Counsel (D.I. 25). For the reasons discussed, the Motion will be denied.

### I.   BACKGROUND

Pro se Plaintiff, Stuart J. Skinner ("Mr. Skinner"), an inmate at the Delaware Correctional Center ("DCC"), filed this civil rights action on June 30, 2006 pursuant to 42 U.S.C. §1983, alleging violations of the First, Fifth, Eighth and Fourteenth Amendment by the Defendants. More specifically, the allegations of Mr. Skinner's Complaint arise out of his transfer from the minimum law security housing unit to the security housing unit ("SHU") pending an internal investigation regarding an attempted escape. Mr. Skinner alleges that, despite being found "not guilty," he was not transferred from SHU to medium high housing unit ("MHU") until three months later, and has not been allowed to return to the minimum security housing unit, or to his job in the maintenance department, which, he alleges is contrary to the

rules and standard operating procedures of the DCC. Mr. Skinner alleges that, despite the fact that he was found "not guilty," the "attempted escape" disciplinary report continues to adversely affect, among other things, his case before the State Board of Pardons, and his treatment by DCC personnel, specifically, the Defendants.

By his November 15, 2007 Motion for Appointment of Counsel, Mr. Skinner contends that he is unable to afford counsel, and has been unable to obtain counsel. He contends that he is uneducated in the law, although he has obtained his G.E.D. while incarcerated, and that his access to the DCC's law library is limited by prison policy to four hours a week, which, Mr. Skinner contends, is insufficient. Mr. Skinner contends that he is "overwhelmed by the complexity of the issues," and, as an incarcerated litigant, his ability to investigate and gather evidence is limited. (D.I. 25 at 2.) Mr. Skinner further contends that it is "harder to imagine a scenario where credibility would be a larger factor than one in which an inmate is challenging the actions of Correctional Staff." (Id. at 3.)

In response, Defendants argue that the issues in this case are straightforward, and that Mr. Skinner's legal abilities are apparent from the well-reasoned and typed pleadings he has filed thus far in this action. Defendants also point to Mr. Skinner's responses to Defendants' discovery requests, contending that they reflect "a firm and competent grasp of the legal precepts in this

case." (D.I. 26 at 3.)

**II. DISCUSSION**

Indigent civil litigants have neither a constitutional nor a statutory right to appointed counsel. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). However, district courts have authority to appoint representation for any civil litigant unable to afford counsel, 28 U.S.C. § 1915(e)(1), and are afforded broad discretion in making that determination. Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). The Court must first consider whether the indigent plaintiff's claim appears to have "some merit in fact and law." Id. at 155 (citing Maclin v. Freake, 650 F.2d 885, 887 (7th Cir. 1981)(per curiam)). If so, the Court may consider the following non-exhaustive factors in deciding whether to appoint counsel:

1. the plaintiff's ability to present his or her own case;
2. the difficulty of the particular legal issues;
3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
4. the plaintiff's capacity to retain counsel on his or her own behalf;
5. the extent to which a case is likely to turn on credibility determinations, and;
6. whether the case will require testimony from expert witnesses.

Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002) (citing Tabron, 6 F.3d at 155-57)(the "Tabron factors"). In addition, the Court should consider practical constraints before appointing counsel: "the ever-growing number of prisoner civil rights

3

actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation." Tabron, 6 F.3d at 157.

The Court assumes, solely for the purposes of deciding this Motion, that Plaintiff's claims have arguable merit, and will therefore consider the Tabron factors. Mr. Skinner is unable to afford counsel and has been given leave to proceed *in forma pauperis*. This status notwithstanding the Court finds that appointment of counsel is not warranted at this time.

Under the first Tabron factor, the Court "generally should consider the plaintiff's education, literacy, prior work experience, and prior litigation experience." Tabron, at 156. Mr. Skinner cites his lack of legal education in support of his Motion, but the Court finds that he has demonstrated an ability to present his own case, as his filings in this case are well articulated and reasoned. The Court further finds that the allegations in this case are not complex, and that Mr. Skinner is able to conduct a factual investigation without the assistance of counsel, especially since most of the events that constitute the basis of his allegations occurred within the DCC.

While Mr. Skinner alleges that his access to the law library is limited by DCC policy, "prison regulations which reasonably limit the times, places and manner in which inmates may engage in

4

legal research and preparation of legal papers do not transgress [due process clause] protection so long as the regulations do not frustrate [law library] access." <u>Glasshofer v. Sennett</u>, 444 F.2d 106, 107 (3d. 1971) (citing <u>Johnson v. Avery</u>, 393 U.S. 483, 490 (1968)). Here, there is no evidence suggesting that Mr. Skinner's access to the law library has been frustrated, only that it has been limited. Mr. Skinner has not presented evidence that suggests he has been denied access to other resources necessary to conduct a factual investigation, such as a telephone or computer. Mr. Skinner admits that he does not foresee a need for expert testimony (D.I. 25 at 3), and, while the case may turn on credibility determinations, that factor alone does not determine whether counsel should be appointed. See <u>Parham</u>, 126 F.3d at 460 ( "While the case ultimately may have relied upon credibility, it is difficult to imagine a case that does not." )

Thus, the Court concludes that Plaintiff has not sufficiently satisfied the <u>Tabron</u> factors at this juncture, and counsel should not be appointed at this time.

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Renewed Motion For The Appointment Of Counsel (D.I. 25) is **DENIED**.

July 29, 2008                                   /s/ Joseph J. Farnan
DATE                                       UNITED STATES DISTRICT JUDGE

5